UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| WARREN ANDERSON, | : | CIVIL NO: 3:17-CV-00356 |
|---|---|---|
| Petitioner | : | (Judge Munley) |
| | : | (Chief Magistrate Judge Schwab) |
| v. | : | |
| SUPERINTENDENT BRITTAIN, | : | |
| Respondent | : | |

# REPORT AND RECOMMENDATION

## I. Introduction.

The petitioner, Warren Anderson, challenges his state conviction for drug offenses and tampering with evidence on the basis that evidence was introduced at his trial that was the result of an illegal search and seizure under the Fourth Amendment to the United States Constitution and under the Pennsylvania Constitution. Because Anderson's claims are not cognizable habeas corpus claims, we recommend that the Court deny Anderson's petition for a writ of habeas corpus.

## II. Background and Procedural History.

After a bench trial in 2015, Judge Evans of the Dauphin County Court of Common Pleas convicted Anderson of possession of cocaine, possession of a small

amount of marijuana, possession of drug paraphernalia, and tampering with evidence. *Doc. 8-1* at 77–78. The conviction was based on the following facts:

> On May 17, 2013 at approximately noon, Officer Dan Smeck of the Lower Paxton Township Police Department, along with members of the Dauphin County Probation Office and Dauphin County Sheriff's Department, were attempting to serve an arrest warrant for a Mr. Kevin Ramos at 2308 Orange Street in Harrisburg, Pennsylvania. When Officer Smeck arrived at 2308 Orange Street, he did not get a response at the door. He went to the adjacent house, knocked on the door, spoke to the gentleman who answered, and showed him a photograph of Mr. Ramos. The gentleman indicated that he had seen Mr. Ramos, and that he lived next door. Officer Smeck then went to the neighbor on the other side of 2308 Orange Street, and such neighbor also indicated that Mr. Ramos lived next door. Additionally, it was known that Mr. Ramos rode a bicycle from his house to his work place, and there was a bicycle in the back of 2308 Orange Street. While Officer Smeck was knocking again on the front door of the residence, an officer in the back indicated that someone had come out back, had seen the officers, and had run back inside the house. At that point, Officer Smeck made entry through the front door by kicking it in. The officers located a black male in the living room as soon as they made entry, and he was detained. Officer Smeck testified that when the officers entered the house, they had made a decision to detain everyone in the house for the officers' safety, until the house was secure.
> On the second floor of the residence there was a locked bathroom. When the officers made their way in, [Anderson] was standing over the toilet. Officer Smeck testified that a deputy sheriff grabbed [Anderson] and indicated that [Anderson] was dumping marijuana into the toilet. [Anderson] was detained and taken to the living room with the other gentleman. One of the officers handed Officer Smeck a wallet containing an

2

> identification card with Mr. Ramos'[s] name on it. At that
> point, Officer Smeck asked [Anderson] and the other detained
> gentleman if they knew where Mr. Ramos was. [Anderson]
> offered no response, and one of the probation officers indicated
> that it appeared that [Anderson] had something in his mouth.
> When asked to spit it out, [Anderson] did not comply. One of
> the probation officers used a [T]aser to "dry stun" [Anderson],
> and he spit out what was in his mouth. It was determined that
> [Anderson] had been keeping drugs in his mouth, and [the drugs]
> were turned over to the Harrisburg City Police. After
> [Anderson] and the other gentleman were taken away, Mr.
> Ramos pulled up on a bicycle and was arrested pursuant to the
> warrant.

*Commonwealth v. Anderson*, No. 372 MDA 2015, 2016 WL 5368858, at *1–2 (Pa. Super. Ct. July 18, 2016) (corrections in original except here we changed "[Appellant]" to "[Anderson]" throughout) (quoting Trial Court Opinion, 6/29/15, at 1–2 (internal citations omitted)).

Judge Evans sentenced Anderson to pay fines and costs and to an aggregate term of imprisonment of six to twenty-four months. *Doc. 8-1* at 79. Anderson appealed to the Pennsylvania Superior Court claiming that Judge Evans erred in denying his motion to suppress evidence because the police searched his home without a warrant or consent in violation of the Fourth Amendment to the United States Constitution and in violation of the Article 1, Section 8 of the Pennsylvania Constitution. *See Anderson*, 2016 WL 5368858, at *2. More specifically,

3

Anderson claimed that the drugs found in the residence "should have been suppressed because police did not have a reasonable belief that Kevin Ramos, the subject of the arrest warrant, lived at that address." *Id.* The Superior Court of Pennsylvania concluded, however, that the police reasonably believed that Kevin Ramos lived at that address. *Id.* at *3. Thus, the police legally entered the home and lawfully searched the residence for Ramos. *Id.* at *4. And, as Judge Evans explained, during the search, the police observed Anderson flushing drugs down the toilet, and they discovered illegal drugs while Anderson was lawfully in custody, which drugs would have been inevitably discovered. *Id.* Accordingly, the Superior Court held that Judge Evans properly denied Anderson's motion to suppress. *Id.* In January of 2017, the Pennsylvania Supreme Court denied Anderson's petition for allowance of appeal. *Commonwealth v. Anderson*, No. 563 MAL 2016, 2017 WL 175780, at *1 (Pa. Jan. 17, 2017).

In February of 2017, Anderson filed the current petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 seeking reversal of his conviction. He presents three claims in his petition: (1) the trial court erred in denying his motion to suppress because the evidence seized from his home was the direct result of an illegal search and seizure in that the police searched the home without a search warrant and

4

without permission to enter or search the home; (2) the police violated the Pennsylvania Constitution by using a Taser on him while he was handcuffed and that is when they discovered the drugs on him; and (3) the police violated the United States Constitution by using excessive force by using a Taser on him while he was handcuffed and by kicking in his door without a search warrant or permission to enter.

The respondent filed an answer to the petition and a brief in support of that answer, and Anderson filed a reply and a brief in support of his reply. For the reasons discussed below, we recommend that the Court deny Anderson's petition for a writ of habeas corpus.

**III. Discussion.**

We construe Anderson's first claim as a Fourth Amendment search-and-seizure claim. While 28 U.S.C. § 2254(d) requires considerable deference to state courts in general, a court-made rule, announced by the Supreme Court in *Stone v. Powell*, 428 U.S. 465 (1976), requires even more deference in connection with claims based on the Fourth Amendment. In *Stone,* the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim," the court cannot grant habeas relief to a

5

state prisoner "on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494. "Even otherwise potentially meritorious Fourth Amendment claims are barred on habeas when the petitioner had a full and fair opportunity to litigate them." *Deputy v. Taylor*, 19 F.3d 1485, 1491 (3d Cir. 1994).

The record in this case establishes that Anderson was given the opportunity for full and fair litigation of his Fourth Amendment search-and-seizure claim in state court. Anderson presented that claim at a pretrial suppression hearing and again on direct appeal to the Pennsylvania Superior Court. Because Anderson had an opportunity for full and fair litigation of his Fourth Amendment search-and-seizure claim, *Stone* bars that claim.

Anderson's second claim—a claim based on a violation of the Pennsylvania Constitution—is likewise not a cognizable habeas corpus claim. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Thus, "'federal habeas corpus relief does not lie for errors of state law.'" *Id*. at 67 (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Because

Anderson's second claim is based on state law, it is not a claim that can be brought in a federal habeas corpus petition.

Anderson's third claim, like his first claim, is based on purported Fourth Amendment violations. Although it is not clear if he actually raised these claims in the state court, to the extent he is contending that the purported violations led to the discovery of evidence used against him at trial, there is no basis to conclude that he did not have an opportunity for full and fair litigation of those claims in the state courts. Thus, the claims are barred by *Stone*.[1]

Moreover, the respondent asserts that Anderson procedurally defaulted his excessive-force claim, and Anderson does not dispute that he procedurally defaulted that claim. *See Wenger v. Frank*, 266 F.3d 218, 223–24 (3d Cir. 2001) (explaining

---

[1] And to the extent Anderson is not claiming that the alleged use of excessive force led to the discovery of evidence used against him at trial, the claim is not properly brought as a habeas corpus claim, but rather as a civil rights claim. *See Anderson v. Dauphin Cty. Adult Prob. Office*, No. 1:15-CV-00878, 2016 WL 769278, at *8 (M.D. Pa. Jan. 25, 2016) (report and recommendation of a magistrate judge in Anderson's civil rights action recommending that Anderson's excessive-force claim based on the use of the Taser while he was handcuffed not be dismissed as barred by the favorable-termination rule of *Heck v. Humphrey*, 512 U.S. 477 (1994), because "a favorable ruling on Anderson's excessive force claim would not necessarily imply the invalidity of his conviction"), *adopting Report and Recommendation*, 2016 WL 759162, at *1 (M.D. Pa. Feb. 26, 2016), *subsequently granting summary judgment to the defendant on the excessive force claim*, 2017 WL 2178221, at *2 (M.D. Pa. May 18, 2017).
.

that a claim is procedurally defaulted when the petitioner had not "fairly presented" the claim to the state courts and "further state-court review is clearly foreclosed under state law" and that a procedurally defaulted "claim may be entertained in a federal habeas petition only if there is a basis for excusing the procedural default"). Nor does Anderson argue a basis to excuse his procedure default. *See id* at 224 ("Procedural default may be excused if a petitioner can show 'cause' and 'prejudice' or that a 'fundamental miscarriage of justice' would result." (quoting *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000)). Thus, he is not entitled to a writ of habeas corpus.

## IV. Recommendation.

Accordingly, for the foregoing reasons, we recommend that the Court deny Anderson's petition for a writ of habeas corpus.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the

portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 29th day of September, 2017.

*S/Susan E. Schwab*
Susan E. Schwab
Chief United States Magistrate Judge